IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISRICT OF PENNSYLVANIA

VICTORIA HAYES, )
On behalf of B.M.H., )
 )
   Plaintiff, ) No. 14-754

V.

CAROLYN W. COLVIN,
Commissioner of Social
Security,

   Defendant.

## SYNOPSIS

Plaintiff filed an application for child's Social Security Income on behalf of her minor daughter, B.M.H.[1] Plaintiff, who was born on October 26, 2005, alleged disability due to various limitations, including hearing loss, anxiety, possible OCD, and speech problems. Plaintiff's application was denied initially, and upon hearing before an Administrative Law Judge ("ALJ"). The Appeals Council denied her request for review. Plaintiff now appeals to this Court. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

## OPINION

**I. STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the

---

[1] For clarity and ease of reference, I refer to B.M.H. as the Plaintiff.

1

district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II. PLAINTIFF'S MOTION

Plaintiff contends that the ALJ failed to adequately explain her conclusion that Plaintiff was not markedly limited in the domain "Caring for Yourself." She also contends that the ALJ erred in failing to weigh the opinion evidence of Anne Miller, Ph.D and Dr. Abu N. Ali, a non-examining consultant. Moreover, Plaintiff contends that the ALJ erred in considering her hearing loss under the domain "Physical Health and Well Being."

First, I address Plaintiff's contention that the ALJ failed to explain why Plaintiff was not markedly impaired in "Caring for Yourself." This argument relates to the ALJ's obligation to consider and determine whether the Plaintiff's impairments result in marked limitations in two domains of functioning, or an extreme limitation in one domain. The six domains considered are as follows: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for yourself, and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

Plaintiff states that B.M.H.'s hearing impairs her ability to localize sound, which may present a danger in traffic or when playing in loud places. This, Plaintiff asserts, should have been considered in the "Caring for Yourself" domain, which encompasses whether a claimant is "able to avoid behaviors that are unsafe or otherwise not good for [her]." Plaintiff attempts to analogize the example, stated in applicable regulations, of a child impulsively dashing into the street without looking for cars and considering his safety. This analogy is too strained to be persuasive; having difficulty localizing the sounds of traffic is not akin to dashing into the street without heeding safety precautions. The "Caring for Yourself" domain contemplates a different type of self-care than that implicated by Plaintiff's hearing difficulty – i.e., a claimant's ability to "maintain a healthy emotional and physical state," such as how well the claimant gets his "physical and emotional wants and needs met in appropriate ways; …and whether [he] take[s] care of [his] own health, possessions, and living area." 20 C.F.R. § 416.926a(k). The ALJ did not err in failing to consider Plaintiff's hearing loss under this domain. Moreover, the ALJ set forth regulatory examples of limited functioning in this domain, and explained that the record reflects that Plaintiff engages in age-appropriate behaviors. I find no error in the ALJ's approach or conclusions.

Next, I address Plaintiff's arguments regarding Dr. Anne Miller. Dr. Miller saw claimant on May 24, 2011, and issued a report. At that time, Dr. Miller noted that claimant's attention span was "fair." The report focused primarily on claimant's anxiety issues, and did not further opine regarding attentional concerns. On September 9, 2012, Dr. Miller filled out a standard-form mental residual functional capacity ("RFC") questionnaire. She noted that she sees Plaintiff every six months, for one hour, but did not state when she began to do so.[2] Dr. Miller opined that Plaintiff was seriously limited in various areas, including the ability to maintain attention for a two-hour segment. The portion of the questionnaire asking the respondent to explain the most limited findings was left entirely blank.

Plaintiff now contends that the ALJ failed to state the weight afforded to Dr. Miller's opinion. She also contends that if the ALJ had fully credited Dr. Miller's serious limitation in the ability to attend and complete tasks, it would have resulted in a marked limitation in the domain of Attending and Completing Tasks, 20 C.F.R. 416.926(e)(2). She argues that this, in combination with the ALJ's finding of a marked impairment in the domain of interacting and relating with others, would have resulted in a finding of functional equivalence.

In the first instance, the document at issue is an RFC questionnaire typically used to opine regarding an adult claimant's ability to perform work. In a case such as this one, in which the six broad functional domains are determinative, "[t]here is no "residual functional capacity" determination, and no determination of ability to perform work." Williams v. Colvin, 2014 U.S. Dist. LEXIS 74761, at **7-8 (N.D. Fla. May 2, 2014). In other words, RFC assessments "have no bearing on this child SSI case involving a [child] who has never worked." Handford ex rel. I.H. v. Colvin, 2014 U.S. Dist. LEXIS 3449 (N.D. Ill. 2014); see also Woodhouse v. Astrue, 696

---

[2] Elsewhere, the record reflects that Plaintiff was initially referred to Dr. Miller for an evaluation, which occurred on May 24, 2011.

F. Supp. 2d 521 (D. Md. 2010). Thus, the very nature and format of Dr. Miller's questionnaire is of limited utility.

Moreover, although it is vastly preferable to do so, "[t]he ALJ need not specify 'weight' or use any other particular language in an opinion, as long as the opinion demonstrates that the ALJ was aware of and understood the evidence in question." Trill v. Astrue, 2011 U.S. Dist. LEXIS 68629 (D. Del. June 27, 2011); see also Webb v. Colvin, 2014 U.S. Dist. LEXIS 87621, at *14 (N.D.N.Y. June 27, 2014). In this case, the ALJ expressly discussed Dr. Miller's questionnaire, and her opinion that claimant was seriously limited in paying attention for two-hour segments. The ALJ also mentioned Dr. Miller's May 24, 2011 report, and thus was aware of that report and its statement that claimant's attention was "fair." The domain "attending and completing tasks" means, generally, "focusing long enough to initiate and complete an activity or task, and chancing focus once it is completed." 20 C.F.R. § 416.926a(3)(h)(1). The regulatory examples identified in this domain simply do not equate to a serious limitation on maintaining attention for two hours. Under the specific circumstances of this case, the ALJ's treatment of Dr. Miller's opinion does not justify remand.

Next, I reach Plaintiff's argument regarding the ALJ's failure to acknowledge Dr. Ali's opinion. On July 22, 2011, Dr. Ali completed a disability determination form at the initial level. He opined that Plaintiff was markedly impaired in the domain of "Caring for Yourself." He explained that she had multiple fears, missed school due to separation anxiety, and had been diagnosed with GAD.[3] He also concluded that her impairment or combination of impairments does not functionally equal the listings. The records that Dr. Ali reviewed included Dr. Miller's May 24, 2011 evaluation.

---

[3] I presume that this acronym refers to generalized anxiety disorder.

5

The failure to mention a medical opinion may be harmless when that opinion appears "inconsequential to the ultimate nondisability determination in the context of the record as a whole." Cantrall v. Colvin, 540 Fed. Appx. 607, 609 (9th Cir. 2013). The deficiency, however, was harmless in this case, as it could have had no practical effect on the result. In the first instance, Dr. Ali was a non-treating, non-examining source, who relied on evidence otherwise before the ALJ. Moreover, Dr. Ali found a marked limitation in "Caring for Yourself," but his explanation did not refer to any of the types of limitations referred to by the ALJ. His opinion does not, in fact, conflict with the ALJ's opinion, as the ALJ discussed. When medical evidence does not conflict with the ALJ's opinion, "the need for express analysis is weakened." Mays v. Colvin, 739 F.3d 569, 578 (10th Cir. 2014). Moreover, "[w]hile the findings of non-examining analysts can, and often do, provide valuable supplemental support for an ALJ's decision, they should generally be afforded relatively little weight in the overall disability determination." LaFreniere v. Astrue, 2010 U.S. Dist. LEXIS 99575, at *21 (N.D.N.Y July 27, 2010).

Finally, I address Plaintiff's contention that the ALJ erred in failing to consider claimant's hearing loss as a marked impairment, or failing to fully explain why he did not consider the impairment marked, in the domain "Physical Health and Well Being." As the ALJ recited, this domain considers the cumulative physical effects of physical and mental impairments. Examples appearing in the regulations are the need for a major organ transplant; requirement for 24-hour-a-day supervision for medical reasons; and a physical impairment causing complete inability to function independently outside the home within age-appropriate norms. 20 C.F.R. § 416.926a. I note that Plaintiff points to no medical opinions regarding the impact of Plaintiff's hearing loss that are relevant to this domain. The ALJ explained his reasons for his conclusions regarding this domain, and did so adequately under the circumstances.

6

## CONCLUSION

In sum, under the narrow standards applicable to my review, and despite Plaintiff's careful and well-reasoned submissions to the Court, I am constrained to find that the ALJ's decision was supported by substantial evidence. Plaintiff's Motion will be denied, and Defendant's granted. An appropriate Order follows.

## ORDER

AND NOW, this 26th day of March, 2015, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is DENIED, and Defendant's GRANTED.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court